IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,128-02




EX PARTE LAWRENCE FEW, AKA LAWRENCE WENDALL FEW, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20050D04727-168-1 IN THE 168TH JUDICIAL DISTRICT COURT
FROM EL PASO COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of solicitation to
commit capital murder and sentenced to fifty years’ imprisonment. The Eighth Court of Appeals
affirmed his conviction. Few v. State, No. 08-06-00005-CR (Tex. App. – El Paso, July 15, 2009). 
            Applicant contends, inter alia, that the prosecution failed to disclose agreements made in
exchange for the testimony of its witnesses, and allowed those witnesses to testify that there were
no such agreements, when in fact the witnesses were given leniency in exchange for their testimony. 
Applicant also alleges that his trial counsel rendered ineffective assistance for a number of reasons. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide the trial prosecutor with the opportunity to respond to Applicant’s claims regarding the
existence of agreements made with witnesses for leniency in exchange for testimony. The trial court
shall also provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claims of
ineffective assistance of counsel. Specifically, counsel should state what steps he took in
investigating and preparing for trial, and should state what possible defensive strategies were
discussed with Applicant. Counsel should state whether Applicant had a history of mental illness
or impairment, and if so, whether counsel investigated the possibility of an insanity defense. 
Counsel should state whether he was able to interview the State’s witnesses prior to trial, and
whether he attempted to negotiate a plea agreement with the prosecutor. Counsel should state
whether he believed himself to be prepared for trial. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether the State failed to disclose the
existence of any agreement for leniency in exchange for the testimony of witnesses Arnulfo
Gonzalez and Travis McGraw. The trial court shall also make findings as to whether the
performance of Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s claim for
habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 6, 2010
Do not publish